May it please the Court, John Wolfgang Gahart for the petitioner. This case presents an issue of abusive administrative process and due process. The petitioner moved to reopen his case before the Board of Immigration Appeals to present evidence of equitable factors that came into existence during the five years' pendency of his administrative appeal. What was the evidence that was presented, counsel? There is a, in the petitioner's brief, a statement of facts beginning on page 4. The petitioner's U.S. citizen child that was in existence at the time of the immigration judge's hearing Maybe you misunderstood my question. What was the documentary evidence that was presented to the BIA of the changed circumstances? The documentary evidence basically parallels. We had the birth certificates of the existing child and the new child to show that they had five more years, basically, of equities. The petitioner had purchased a home. He had steady employment within the computer industry, National Wire and Cable Company, for 11 years. And what was the documentary evidence of that? I believe that we submitted a record. I don't have it on the tip of my tongue right now, but if you'd like, I can tell you exactly what's in the record. Well, I guess my point is what evidence was submitted to the BIA that the BIA refused to allow to be admitted into the record? The petitioner doesn't make that argument, Your Honor. What the petitioner argues is that the evidence that is in the record, okay? The petitioner makes basically three arguments in the petition. First, the BIA, contrary to this Court's precedent, fails to explain the reasons for its decision. It just says there's no case here and we're not going to tell you why. Now, did you make that in your opening brief? Is that the argument you made in your opening brief? Yes, it's in both the opening and the supplementary brief, Your Honor. Okay. The second argument, which is also in the opening and the supplementary brief, is that the BIA failed to follow the regulations intended to allow aliens to prove their cases before immigration judges, okay? And instead, it happened to the BIA. I thought the law was that the BIA was indeed required to receive evidence and make a decision based on the evidence before, at least on direct appeal. This, of course, is a motion to reopen. Motion to reopen, yes. And you're saying the BIA can't look at the evidence and say, okay, looking at what you submitted to us, we decide that it's not a sufficient ground to reopen. You're saying that that's prohibited. That's your position, correct? What I'm saying is that the BIA, on a motion to reopen, the regulations require only that the, in this case, you know, putting it in the BIA context, the Respondent, the alien, only support, not prove, because the regulations intend that the proof of the evidence before an immigration judge. That's the point. That's the question I'm asking you. Your position is that when the BIA has submitted a bunch of stuff, not sworn to, by the way, presented a bunch of stuff on appeal, said we want you to reopen this case and send it back, and here's what we're going to show. The BIA can't look at it and think, you know, we see all that. That's not enough. You're saying it has to send it back to see if you can't show more? Is that the point, to see if you can't show more evidence? They said, look, let's assume all that's true. It's not enough. Okay. They may do that. But in the way that they do that is what the Petitioner argues is violative of due process and the procedures. Wait a minute. You said they can do that, correct? I'm saying that they can look at no procedural case. So far, no procedural. No procedural or due process error. They look at this stuff. They say, we see all of this stuff. It doesn't make any difference. It makes no significant difference. What you're telling us here, if it's right, makes no significant difference to our prior decision, and therefore, we're not going to reopen it. You're saying they can't do that? Not in the way that they did it. Why don't you say not in the way that they did it? Because it's an issue of procedures. This case revolves around the procedures. And I think the most important part of all this is what ties this all together is the third argument in the Petitioner's brief. Because the BIA disregards the new evidence on account of its newness. And that is something that is a big problem, and that's why I believe this Court asked the parties to supplement their briefing with the decision of Ramirez-Alejandre. How does Ramirez-Alejandre change or affect the ---- Ramirez-Alejandre has to do with submitting additional evidence to the BIA on direct appeal from the IJ and must consider that evidence. That's what it says. And Ramirez-Alejandre says, yes, it must consider that evidence. Right? Correct. Okay. This case, you submit a bunch of stuff to the BIA. The BIA says, we see it, it makes no difference. And we are saying that you can't say it makes any difference because of its newness. Just because this evidence was acquired after the immigration judge's decision, Ramirez-Alejandre says, no, no, you have to look and decide the case on the facts as they exist. What language are you relying upon in the BIA decision that you say rejected the evidence because of its newness? What language are you referring to? I'm referring to the language in the ---- In this particular case, they don't cite their usual citations, but remember there was one sentence in here.  Let's see if I can find it. The language is in the middle paragraph. What page are you on? The certified administrative record at 3 is where it comes to life. The BIA is saying, well, the fact that he continued to accumulate equities is irrelevant. The fact that he had another child is irrelevant. The fact is ---- When does it say it's not relevant? It's ---- Neither the continued accumulation of the Respondent's prior equities nor the new equities presented by the Respondent in this case, whether considered individually or cumulatively, are sufficient to establish a margin ---- Are sufficient, not relevant, are sufficient. So the board was making a decision as to whether or not there was sufficient evidence to support the motion. But if you read on, well, I'm not going to read the entire thing at one time. Well, if you do read on, what they keep saying is, okay, the child's now five years old. So that's all you're telling us. He's five years old. So you're saying there's one more child. So that doesn't change the hardship alchemy. That's what they're saying. It seems to me they're looking at what you told them, what they were told, and they're saying, and? The and is that they are ---- They're standard for hardship now. It seems completely different from the standard that this Court and the BIA has been using for years and years and years. The facts in this case arise literally in tens of thousands of immigration cases. My law firm has handled, especially my partner, has handled hundreds and hundreds of suspenseful deportation cases. The facts here should be sufficient. Counsel, wasn't that the BIA's point that these circumstances don't constitute extreme hardship because they're no different than the multitude of other families face in a deportation situation? As argued in our brief, the problem that we as immigration practitioners have with this case is that we've won cases with far less hardship on a suspension of deportation scenario. We agree that under the new standards, exceptional and extremely unusual hardship, this case wouldn't cut it. But the way the BIA says, we're not going to tell you exactly why these are not sufficient, the fact that they don't give, under the regulations, the Petitioner an opportunity to prove their case before an immigration judge, and ---- And he's suffering from umpty, umpty, umpty, ump problems. That's different. All you say is he's five years old. And they said, so? A lot of people have five-year-old children. What does that prove? I mean, it seems what you're doing is you say, the BIA has to consider what we tell them, but we don't have to tell them very much. And then they've committed a grave error. They say, fine, we look at what you're telling us you're going to prove. That doesn't cut it. That's the problem. What you just said, I believe, Your Honor, is the problem that we have with all of these motions to reopen, the regulations state that we only have to state the new hardship and support. We don't have to prove, because it should be proved at a hearing before an immigration  That's what the regulations state. So when we go to the BIA ---- You can prove an allegation even. I'm sorry. I'm over your time, and I'll stop. Thank you, counsel. Thank you, Your Honor. Good morning. May it please the Court, Joan Smiley from the Department of Justice for the Respondent. The Supreme Court has very unequivocally held that the Board may deny a motion to reopen in its broad discretion if the move-in fails to establish prima facie eligibility. As we've set forth in our brief ---- So you apply the motion to reopen standards to this submission of additional evidence? Yes. You have no procedure, had no procedure at the time for saying to someone, now, we've taken five years to decide your case. Here's our due process. Here's how we are going to handle the submission of additional evidence. The regulatory procedure was through 8 CFR 3.2 ANC. Is that the procedure that the Court found unconstitutional in Ramirez Alejandro when they said that during this period you acted arbitrarily, you handled cases on a willy-nilly basis? There was no process for people to get their cases considered? The issue was considered, yes, in Ramirez Alejandro. However, in that case, it is factually ---- In that case, it's factually different. You're right. Absolutely right. Factually different. But we said in that case, did we not, that during that period, you had no procedures that were regularly followed by the BIA for people to submit additional evidence. You sometimes took evidence. You sometimes didn't. You sometimes took them under motions to reopen. There was just no process available, regular process available to people with problems. The Board did state that in its majority opinion. Well, majority opinion is good enough. That's the law. Yes, it is, Your Honor. Okay. So at the time, you decided here that before you were aware you had an unconstitutional process, that you would treat this under the very restrictive motion to reopen procedure. A motion to reopen is what the Petitioner filed. Yes. It was a motion to reopen. Well, there was no ---- that was no other procedure available to him, was there, although he was entitled to submit additional evidence. He didn't need, really, a motion to reopen. He could have asked for reconsideration or a motion to remand. But the fact is, in this case, he moved to reopen. And the Board considered all the factors ---- Under the motion to reopen standard. Pardon me? Under the motion to reopen standard. Yes. He filed a motion to reopen pursuant to 8 CFR 3.2. Because there was no other procedure you had which said if the ---- if it's late, here's how you submit additional evidence. Okay. And then, when you said it didn't matter whether he had another child or not, was that in light of your duty under Arizal to consider individually the child and not assuming that an affected child would have no problem adjusting to life? The Board didn't say that it didn't matter that he had a second child. So it considered all of the evidence, including the fact that he had a second child, now 3 years old. Well, but it's not just that you have a second child. He was supposed to give individualized consideration to that child and not assume that there won't be an effect on him. Well, we believe that the Board did, that it stated that there were no other extenuating circumstances cited with respect to that child, and that any hardship would be mitigated by the child's young age. In fact, all that was told was that there was a second child, period. Correct? Yes. And there was nothing that told somebody what to submit in connection with additional evidence when a case is delayed. All you had was a regulation about new evidence. Well, new evidence that was previously unavailable or could not have been discovered. And it is up to the moving party to submit whatever evidence. But there was no regulation that said when the Board takes 5 years to decide a case, you are entitled to submit additional evidence. Here's what you need to submit. We would submit that the regulation in place is 3.2. But, yes, you're correct. There was no other regulation besides 3.2. And here Judge Rawlinson asked what evidence was submitted that the Board did not allow. None. There was no evidence that was submitted that was not considered. Indeed, the Board considered it and rejected it. They found that there were no extenuating circumstances presented that would make this case different from the other. He submitted enough evidence to require individual consideration of that child and his circumstances. Well, he submitted evidence of, yes, the child, the fact that he had purchased a residence in 1999, the fact that the first child was now 5 years old, which was the same age the child was when the Board rendered its previous decision, and other equities presented, such as the fact that he had attended church since 1990, that he had worked several more years than originally when the IJ rendered his decision, that he was integrated into United States society. But here the Board found that the evidence was simply insufficient to warrant reopening. It considered all the factors and it stated the reasons for its denial. That is what the Supreme Court has said is right. But to reopen, you need extremely unusual circumstances, right? Extreme hardship, yes. But that could be unusual circumstances. Yes, unusual circumstances. But it's a usual circumstance to be able to submit additional evidence, at least after a decision. There are various ways you could handle it, but you have to consider the evidence and the merits. And the Board did that, and they concluded that Mr. Campos Ruiz had not shown that his situation was materially different from others who relocate to their native countries after a prolonged residence in the United States, and that the emotional financial hardship that he put forth were the common results of relocation. What is it that said to a person who was entitled to present additional evidence, because of the Board's delay in acting, what was it that said to that person what he was required to submit in order to get a hearing? The regulations 3.2 A and C state that if new evidence that is material, that it was not previously available, occurs, that the alien may file a motion to reopen or reconsider. That is what's stated. There's no prescription for setting forth A, B, and C. This is what you have to show, because every case is different. There is no prescription that someone can come up with and say, okay, this meets the requirement. It depends on the facts of each case. Therefore, the agency that is charged with promulgating regulations to administer the statute has set forth this regulation, which it deemed at the time appropriate to deal with that situation. But to reopen doesn't decide that you are entitled to relief. That just means you're going to hear the case. Right. It means that you're prima facie eligible for it. Eligible for it. Yes. The fact is that the Petitioner here didn't need to show that he was eligible to submit evidence. He was entitled to submit evidence. He didn't really need a motion to reopen. He was entitled under our decision to submit any additional evidence and have it considered under merits by the board. You mean under your decision in Ramirez, Alejandre? Yes. Well, the majority in Ramirez. It's not a majority. It's the decision. Let's forget that there were some dissenters. Right. One of whom is on the panel today. And she's going to follow the majority opinion, which we call the law or the opinion of the Court. That's correct. And on page 877 of the opinion in Ramirez, the majority acknowledged it was an extremely close case. It doesn't matter. A lot of cases are close. Lawrence was close, for instance. So were the affirmative action cases close. They are the law. That's true. We are not disputing that. On page 878, they specifically indicated that the narrow context of the case was the what was at issue, and they remanded to consider evidence for the board to consider evidence without applying the categorical exclusion rule. The board did not apply the categorical exclusion rule in this case. Therefore, the case is in a position. It said it didn't meet the standards for a motion to reopen, which was not necessary, because he had a right to present that evidence to the board and have it considered on the merits. We would submit, as we set forth in our supplemental memo, that Ramirez, Alejandre does not confer any additional benefits. All right. Well, I just didn't want you to think it was going to be so easy. Okay. Thank you. Unless the panel has any further questions, the government would ask that the board's decision be upheld. All right. If there's nothing further, the case will be submitted.
judges: Reinhardt, Fernandez, Rawlinson